### DICK v. DAVIS, Agent.

(Court of Appeals of District of Columbia. Submitted October 25, 1922. Decided April 3, 1923.)

No. 3808.

1. **Master and servant ⬅69—Decision of Director General as to compensation of employees reviewable by court.**

A decision by the Director General of Railroads as to the compensation to which an employee was entitled under the rules prescribed by the Director General is not final, nor beyond the jurisdiction of the courts to review.

2. **Master and servant ⬅80(8)—Pay checks reciting payment in full held admissible to show class of work performed.**

Where plaintiff claimed that he was performing the duties of a passenger brakeman, as defined in the rules of the Director General, though he was classed as a train porter, pay checks issued to him at the rate of pay for train porters, and stating they were in full payment of wages due, were properly admitted in evidence, since his acceptance of them reflected on his statement that he was in fact performing a brakeman's work.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**3. Trial ⊚⇒139(1)—Verdict for plaintiff, dependent on weight of evidence, cannot be directed.**

Plaintiff's request that the court instruct the jury to return a verdict in his favor was rightly refused, where the verdict was dependent on the weight of the evidence.

**4. Master and servant ⊚⇒80(14)—Refusal of request defining regular employment as trainman held error.**

In an action by a train porter against the Director General of Railroads, claiming the difference between his wages as porter and the wages of a passenger brakeman, on the ground that he regularly performed the duties of a passenger brakeman, as prescribed in the rules which entitled him to the additional pay, it was error to refuse a requested instruction that performing regularly those duties did not mean that all were performed daily, or at stated intervals, but that they were performed as occasion·for performing such work arose.

**5. Accord and satisfaction ⊚⇒9—Appeal and error ⊚⇒1066—Trial ⊚⇒252(16)—Instruction authorizing finding of accord and satisfaction of dispute as to wages held unsupported by evidence.**

In an action by a train porter for additional compensation for services as railway brakeman, an instruction to find for defendant, if they found the claim was honestly in dispute between the parties, and that the plaintiff accepted a less sum for full settlement of his claim after the dispute had arisen, was unsupported by evidence showing only that plaintiff had accepted checks for pay as train porter, without any evidence of dispute as to the amount, and also misleading and confusing, so that the giving of it was reversible error.

Writ of Error to the Municipal Court of the District of Columbia.

Action by Arthur Dick against James C. Davis, Statutory Agent of the United States. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Joseph T. Sherier, of Washington, D. C., for plaintiff in error.

George E. Hamilton, John J. Hamilton, Henry R. Gower, and Charles Clark, all of Washington, D. C., for defendant in error.

Before SMYTH, Chief Justice, ROBB, Associate Justice, and MARTIN, Judge of the United States Court of Customs Appeals.

MARTIN, Acting Associate Justice. This case was begun in the municipal court of the District of Columbia, with Arthur Dick as plaintiff, and James C. Davis, Statutory Agent of the United States, as defendant.

The plaintiff, a colored man, alleged that he was in the employ of the Southern Railway under the designation of a train porter, but was in fact regularly performing the duties of a passenger brakeman; that said railroad was then under federal control, and on May 25, 1918, the Director General of Railroads issued a certain regulation, known as General Order 27, article VI of which reads as follows:

"Effective June 1, 1918, colored men employed as firemen, trainmen and switchmen shall be paid the same rate of wages as are paid white men in the same capacities."

And that on December 2, 1918, the Director General issued Supplement 12 to General Order 27, reading as follows:

"To carry out the intent of article VI of General Order No. 27, and retroactive to June 1, 1918, it is ordered:

"1. Employees in a passenger train crew, except conductor, collector, and baggagemaster, qualified and regularly required to perform the following essential duties, will be designated as passenger brakemen or flagmen and paid accordingly:

"(a) Inspect cars and test signals and brake apparatus for the safety of train movement.

"(b) Use hand and lamp signals for the protection and movement of trains.

"(c) Open and close switches.

"(d) Couple and uncouple cars and engines and the hose and chain attachments thereof.

"(e) Compare watches when required by rule.

"2. Where white men are not employed, the compensation and overtime rule for colored brakemen shall be the same, for both passenger and freight service, as for the same positions on the minimum paid contiguous road.

"3. This order shall not curtail the duties of employees heretofore classed as 'train porters.'

"4. This order shall not infringe upon the seniority rights of white trainmen."

Plaintiff averred that from June 1, 1918, to June 13, 1919, although designated as a train porter, he was nevertheless qualified and regularly required to perform, and in fact did so perform, the duties of a passenger brakeman as prescribed by the aforesaid regulations, and accordingly was entitled to be paid the schedule rates for such services, but that he was actually paid the wages of a porter only, which were much less than those of a passenger brakeman, and that the defendant has refused to pay him the difference, although requested so to do, whereby there remains due to him a specified sum, for which he prays judgment.

The defendant denied the alleged indebtedness. The issue was tried to a jury, and a verdict was returned for the defendant. A motion for a new trial was overruled, and the plaintiff now prosecutes error.

[1] The first question to be considered relates to the court's jurisdiction over the controversy. It is claimed by the defendant in error that the decision of the Director General of Railroads as to plaintiff's wages and the amount due him therefor was final and conclusive, and that the courts have no jurisdiction to review it. This contention however is overruled upon the authority of Missouri Pacific R. R. Co. v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 1087, and section 206 (a), Transportation Act 1920, § 206, 41 U. S. Stat. 461.

[2] At the trial below the plaintiff introduced evidence tending to establish each particular of his claim. It appeared, however, that on each pay day during the period of his employment he was paid a porter's wages only, and that the payments were made by means of checks bearing on their face the statement "in full for services rendered." These checks were placed in evidence over the objection of the plaintiff. We think this ruling was not erroneous, since the acceptance by plaintiff of a porter's wages reflected upon his statement that he was in fact performing a brakeman's work.

[3] At the close of the trial the plaintiff requested the court to instruct the jury to return a verdict in his favor. This request was refused, and rightly so, since the verdict was dependent upon the weight of the evidence.

[4] The plaintiff furthermore requested the court to instruct the jury as follows: ·

"The jury are instructed that performing regularly the various items of work specified in Supplement 12 of General Order No. 27 of the Director General of Railroads, does not mean that all such items of work were performed daily or at any stated intervals, but only as the occasion for performing such work arose. If they find that the plaintiff was qualified as provided in Supplement 12, and under the directions of his conductor, as the occasion arose, performed, in accordance with the rules, work of the character specified in Supplement 12, he is entitled to recover."

The trial court refused to give this instruction to the jury, nor was it given in substance in the general charge. The plaintiff excepted to this ruling. We think the court's refusal to charge as requested was erroneous, for plainly a "regular" performance of the duties of a passenger brakeman as prescribed by the regulations could mean no more than that those duties should be performed "only as the occasion for performing such work arose."

Upon the subject of the acceptance by plaintiff of a porter's wages upon successive pay days, the court delivered to the jury the following request of the plaintiff:

"The jurors are instructed that the rate of pay of the plaintiff for the period in controversy was fixed by article VI of General Order 27, and if the plaintiff did the work of a trainman as mentioned in said General Order and described in Supplement 12 thereto, he was entitled to receive compensation at the rate specified in said order. No other employee or subordinate of the Director General of Railroads had the right or authority to deprive him of any part of his compensation as fixed by said order, or to pay him a part thereof upon the condition that the acceptance of such part should be satisfaction of the entire amount he had earned."

But in the general charge the court treated the same subject in the following terms:

"Unless you further find from the evidence that at some time between June 1, 1918, and June 13, 1919, the claim of the plaintiff against this defendant became honestly in dispute between the parties and that the plaintiff accepted a less sum for full settlement of his claim after the dispute had arisen, if you find from the evidence that such dispute existed, then your verdict should be for the defendant.

"The court further instructs you that, where a sum certain is due from one person to another, the release of the entire amount upon payment of part does not estop the creditor from bringing suit to recover the balance."

[5] We think that that part of the general charge which suggests a possible accord and satisfaction between the parties was erroneous. The sums which were paid to the plaintiff were not determined by an agreement entered into by way of a compromise. They were simply a porter's wages, which were delivered to plaintiff in ordinary course by the paymaster, and there is no evidence whatever tending to show that the plaintiff, when he received the money, understood it to be in full settlement of his claim for pay as a brakeman. The recital in the pay check, "in full for services rendered," can hardly be considered, under the circumstances, as evidence of a settlement of the claim now in question.

The following testimony was given by plaintiff upon this subject:

"The conversation between the plaintiff and the paymaster occurred between June 1, 1918, and June 1, 1919. The plaintiff asked Mr. Murphy if he did not have some checks for plaintiff's back time, under Supplement 12 to General Order 27, to which Mr. Murphy replied that he had the checks there, but he had no orders to issue them. Nothing was said at that time by Mr. Murphy or the plaintiff about accepting his check in full for the extra time. Nothing was said by Mr. Murphy regarding any conditions upon which the check was received by the plaintiff. He only said they were there, but he had no orders to issue them. The form of check offered in evidence was used before, during, and after federal control by the Southern Railroad."

The plaintiff's brother testified to the same effect.

The following testimony was given by the paymaster upon the same subject:

"The witness remembered the plaintiff and stated that nothing whatever regarding any back pay had been discussed in any conversation with the plaintiff. He had no conversation with the plaintiff and no back time checks were ever issued in his favor. The witness has nothing to do with the amount of pay any man received."

No other testimony upon this subject is to be found in the record. Nor does it appear therein that the question of plaintiff's wages was ever actually passed upon by the Director General during the time of plaintiff's employment. The procedure in the case seems to have followed upon an office rule of which the trainmaster testified as follows:

"If an employee was classed as a porter, but was doing brakeman's work, he would receive only a porter's compensation."

It should be remembered that the schedule of wages for the employees of the railroad while under federal control was prescribed by General Order 27 aforesaid, and that no subordinate officer of the department was authorized to vary or depart from it, and, furthermore, that Supplement 12 to General Order 27 was not promulgated until December 2, 1918, although retroactive to June 1, 1918.

We think that upon this state of the testimony the court should not have charged the jury, as it did, that they should find a verdict for the defendant in case they found that—

"the claim of the plaintiff against this defendant became honestly in dispute between the parties, and that the plaintiff accepted a less sum for full settlement of his claim after the dispute had arisen."

The jury were not entitled to make such a finding upon the evidence, and the court's charge was accordingly confusing and misleading upon this point. Under the circumstances it was rightly excepted to by the plaintiff, and was fatally erroneous. B. & O. R. Co. v. Morgan, 35 App. D. C. 195.

Accordingly the decision of the municipal court is reversed at the cost of the defendant in error, and the case is remanded for such further proceedings as are consistent herewith.